IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09-CR-13

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| YVONNE MARIE FOUNTAIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS MATTER coming on to be heard before the undersigned, pursuant to a motion filed by defendant's counsel entitled "Defendant's Motion to Reconsider Bond as to Yvonne Marie Fountain" (#239). A detention hearing was held before the undersigned on February 9, 2009 and as a result of the evidence presented at that hearing, this court entered an oral Order of Detention which was later reduced to a written Order (#4). In the written order, the undersigned made detailed findings of fact concerning the reasons this court had ordered the detention of the defendant.

**Discussion.** 18 U.S.C. § 3142(e) states as follows:

Subject to rebuttal by the person it shall be presumed that no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds there is probable cause to believe that a person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act....

The defendant is charged with such an offense. The undersigned has found,

based upon evidence presented, there has been more than probable cause shown to believe the defendant committed such an offense.

18 U.S.C. § 3142 does not provide for a reconsideration of the issue of detention. The statute does provide under subsection (f) as follows:

> The hearing may be reopened, before or after determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that would reasonably assure the appearance of such person as required and the safety of any other person and the community.

The allegations contained in the defendant's "Defendant's Motion to Reconsider Bond" (#239) do not allege that information exists that was not known to the defendant at the time of the hearing and that has a material bearing on the issues of release.

This court has reviewed 18 U.S.C. § 3142, the written Order of Detention Pending Trial, and this court's recollection of the evidence presented at the detention hearing. The undersigned found, after hearing the evidence, that the weight of the evidence against the defendant was strong and significant. The evidence showed that when officers served a search warrant upon the dwelling of the defendant, the defendant was found in a bathroom of her dwelling. The defendant was in her pajamas standing in a bathtub and she was attempting, at that time, to flush cocaine

base down the commode of the bathroom. There was such a large amount of cocaine base that the commode could not accommodate all of the substance. The cocaine base actually clogged the commode. Cocaine base was removed from the commode, the seat of the commode, and floor around the commode. This evidence, the undersigned found and continues to consider, as evidence which is strong and significant evidence of the defendant's guilt.

In the motion the defendant argues that the defendant's release would not create a risk of flight on her part. The oral and written Order of Detention that was entered in this matter shows that this court found that the presumption of risk of flight on the part of the defendant had been rebutted at the detention hearing. This court did not find by a preponderance of the evidence that the release of the defendant would create a risk of her flight. Thus, such arguments in the defendant's motion have already been considered by the undersigned in favor of the defendant. It would appear the written order of this court has not been either read or reviewed.

This defendant was detained because of the strong and compelling evidence showing that the defendant was attempting to flush cocaine base down a commode in her home at a time when the evidence further showed that the defendant had possession of cocaine base and marijuana in the presence of her minor children and her grandchild who also resided in the home of the defendant. Such conduct by a

person previously convicted of a felony offense involving a controlled substance creates by clear and convincing evidence a risk of harm or danger to any other person or the community. Further the presumption of detention was not rebutted.

Should the defendant become aware of information that was not known to her at the time of the detention hearing and which has a material bearing on whether or not there are conditions of release that would assure the safety of any other person or the community, then the defendant may file a motion alleging such facts and this court will grant a hearing. The defendant's present motion does not make such allegations.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the "Defendant's Motion to Reconsider Bond as to Yvonne Marie Fountain" (#239) is hereby **DENIED.**

Signed: June 1, 2009

Dennis L. Howell
United States Magistrate Judge