## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **CRIM. NO. 1:09CR13** |
| | ) | |
| | ) | |
| **KENNETH LEE FOSTER** | ) | |
| **YVONNE MARIE FOUNTAIN** | ) | |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **CRIM. NO. 1:09CR23** |
| | ) | |
| | ) | |
| **PERRY ROGER SHIPPY** | ) | |

**THESE MATTERS** are before the Court on the Government's motion for joinder and the motions of Defendants Foster and Fountain to sever. For the reasons stated below, the Government's motion is allowed and the Defendants' motions are denied.

On February 17, 2009, Defendants Foster and Fountain and 13 co-defendants were charged in a two-count indictment with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§

846 and 841(a)(1) (Count One), and knowingly using a communication facility to further the drug conspiracy charged in Count One, in violation of 21 U.S.C. § 843(b).  **See Bill of Indictment (1:09CR13), filed February 17, 2009.**  On April 7, 2009, Defendant Shippy and nine co-defendants were charged in a two count indictment with conspiring "with each other, Kenneth Lee Foster, Dennis Lamar Bruton [a co-defendant in the 1:09CR13 case] and others" to possess with intent to distribute crack cocaine and using a communication facility to further than conspiracy.  **See Bill of Indictment (1:09CR23), filed April 7, 2009.**

On June 18, 2009, the Government moved to join the captioned criminal cases for trial pursuant to Fed. R. Crim. P. 13, contending that the offenses alleged in the respective indictments were based "'on two or more acts or transactions connected together or constituting parts of a common scheme or plan.'"  **Government's Motion for Joinder, filed June 18, 2009, at 5 (quoting *United States v. Goldman*, 750 F.2d 1221, 1224 (4th Cir. 1984) (quoting *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976)).**  Defendant Shippy did not file a response to the Government's motion for joinder, and did not oppose the motion prior to jury selection.

This matter was called for trial on July 6, 2009; the Government was represented and all Defendants were present with counsel. Prior to jury selection, the undersigned allowed the Government's motion to join Defendants for trial thus denying Defendants' motions to sever.

Rule 13 provides that the Court "may order that separate cases be tried together as though brought in a single indictment . . . if all offenses and all defendants could have been joined in a single indictment[.]" **Fed. R. Crim. P. 13.** The Court has examined the captioned indictments and the motions of the parties in favor of and opposing  joinder. The conspiracy alleged in these separate indictments could well have been brought under a single indictment and each of the Defendants would, therefore, have been tried together. The Court finds that joinder of the Defendants for trial does not appear to pose a risk of prejudice to each Defendant's right to a fair trial.

**IT IS, THEREFORE, ORDERED** that Defendant Fountain's motion to sever is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Foster's motion to sever is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's motion for joinder

is **GRANTED.**

Signed: July 10, 2009

Lacy H. Thornburg
United States District Judge