# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:09CR13

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| YVONNE MARIE FOUNTAIN ) | |

**THIS MATTER** is before the Court on Defendant's motion for judgment of acquittal or, in the alternative for a new trial, filed July 19, 2009. For the reasons that follow, Defendant's motions are denied.

After a four day trial, a jury found the Defendant and co-Defendant Kenneth Foster guilty of conspiracy to possess with intent to distribute crack cocaine,[1] in violation of 21 U.S.C. §§ 846 and 841(a)(1).[2] ***See***

---

[1] Co-conspirator Perry Roger Shippy, charged in a separate indictment, was tried along with these two Defendants due to the fact that Shippy was alleged to have been part of the same drug conspiracy involving the Defendants in this case. The issue of joinder of Shippy's case with that of Fountain's is discussed *infra*.

[2] Defendant Foster was also found guilty of knowingly using a communication facility to further the drug conspiracy, in violation of 21 U.S.C. § 843(b). However, this count was dismissed on motion of the Government as to Defendant Fountain during the trial.

**Verdict Sheet, filed July 9, 2009.**

Initially, Defendant requests the Court provide her with the opportunity to supplement the record with additional argument once she has obtained a copy of the trial transcript. **Defendant's Motion, at 2**. Defendant contends her family is raising the funds necessary to purchase a copy of the transcript, but there is no indication in the record or in Defendant's motion that one has been ordered. The undersigned presided over this trial and heard all of the evidence presented. Based on the overwhelming evidence of Defendant's guilt presented, the Court finds affording the Defendant the opportunity to supplement her arguments after she has combed through the trial transcripts will not change the rulings herein. Therefore, her request to supplement her post-trial motion is denied.

Defendant renews her motion for judgment of acquittal made at the close of all evidence and previously denied by the Court. A defendant may move for judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction," (a) at the close of the Government's evidence and before the case is submitted to the jury; (b) at the close of all the evidence after the Defendant has rested; and (c) after the jury has

returned a verdict. **See Fed. R. Crim. P. 29 (a)-(c).** A defendant is entitled to renew a motion for judgment of acquittal within seven days after the jury returns a guilty verdict. **Fed. R. Crim. P. 29(c)(1).** In deciding whether to grant a motion for judgment of acquittal, the Court must view the evidence presented in the light most favorable to the Government and "inquire whether a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt." *United States v. Singh*, **518 F.3d 236, 246 (4th Cir. 2008) (citing** *United States v. Lentz*, **383 F.3d 191, 199 (4th Cir. 2004)).**

Defendant contends the Government failed to prove she was part of the drug conspiracy alleged in Count One of the indictment. The jury found Defendant guilty of conspiracy to possess with intent to distribute cocaine base; that she was not personally involved with possessing with intent to distribute 50 or more grams of cocaine base; that other members of the conspiracy were involved and this involvement was either known to the Defendant or was reasonably foreseeable to her and was in furtherance of the conspiracy; and that the amount of cocaine base attributable to the Defendant was at least 50 grams but less than 150 grams. **Verdict Sheet,** *supra*. The question is whether the evidence presented, when taken in the

light most favorable to the Government, supports the jury's finding that Defendant was guilty of conspiracy to possess with intent to distribute an amount of cocaine base that was at least 50 grams.

Part of the evidence presented at trial showed that Fountain lived with a co-Defendant, Dennis Lamar Bruton, in a home located at 14 Pinehurst in Asheville, North Carolina. Bruton pled guilty to involvement in the same conspiracy in which the jury found Defendant to be a participant. ***See* Acceptance and Entry of Guilty Plea as to Dennis Lamar Bruton, filed June 29, 2009.** Detective Jeffrey Rollins of the Asheville Police Department testified that he was part of the team that conducted surveillance of Fountain's 14 Pinehurst residence during the investigation. On one occasion, he observed Fountain exit her residence and get into a gray Infinity automobile, sit for a couple of minutes, and exit the vehicle with a large bundle of cash in her hand. Based on this information and other observations, law enforcement applied for and received a search warrant signed by the Magistrate Judge authorizing a search of the 14 Pinehurst residence for evidence of drug contraband. The police executed the search warrant and entered the residence where they located Fountain, Bruton and Fountain's daughter. Fountain was found standing in a back

bathroom alongside a quantity of crack cocaine scattered in, on, and around the toilet.  The search also led to the discovery of a digital scale with cocaine residue thereon, additional crack cocaine, and $21,000 in cash in the bedroom adjacent to where Fountain was located.  Further, the evidence showed that there was a considerable amount of foot traffic in and out of the Fountain residence and various cars were seen arriving at and leaving the residence at all hours of the day and night; some of these visitors to the residence were Defendants convicted of and/or pled guilty to the conspiracy charged herein.

   Of course, there is no evidence that Defendant entered into a written agreement or explicitly volunteered to participate in this conspiracy; however, such evidence is not required.  The jury was instructed that in order to find the Defendant guilty of the conspiracy charge they must find beyond a reasonable doubt that an agreement to possess with intent to distribute a quantity of cocaine base was knowingly formed and existed between two or more persons; that Fountain knew about the conspiracy and deliberately became one of its members; that the object of the conspiracy was to violate the Controlled Substances Act by possessing crack cocaine with the intent to distribute the drug; and that the Defendant

did such acts knowingly and intentionally.  The standard in considering a motion for judgment of acquittal is whether a rational trier of fact could reasonably find these essential elements from the evidence presented that Fountain, beyond a reasonable doubt, participated in the conspiracy.  Given the overwhelming evidence against Defendant admitted during the trial, the Court finds even the above brief synopsis of the evidence supports the jury's finding that Defendant was actively engaged in the conspiracy.

    Defendant next contends that her trial was improperly joined with the trial of co-Defendant Kenneth Lee Foster and Defendant Perry Roger Shippy charged in a separate indictment.  **Defendant's Motion, at 3.**  Defendant states that the Government introduced no direct evidence of Fountain's involvement in the charged conspiracy, and no witness offered testimony regarding Fountain's participation in drug related activities.  *Id.* **at 1.**  As a result, Defendant contends the overwhelming evidence introduced against Foster and Shippy improperly influenced the jury and led to her conviction of the conspiracy charge.  This argument is without merit.

On July 6, 2009, the Court denied Defendant's motion to sever her trial from that of Foster and Shippy, and granted the Government's motion to join Fountain, Foster, and Shippy for trial.  **See Order, filed July 10, 2009 (memorializing Court's oral orders).**  The Defendant offers no new argument in this motion that persuades the Court to disturb that ruling.  As discussed *infra*, Fountain was observed by officers in her bathroom with a quantity of cocaine, and digital scales with cocaine residue were found in her immediate vicinity along with additional cocaine and $21,000 in cash.  The Court finds that there was sufficient evidence introduced relating solely to Defendant's involvement in the charged conspiracy that supported the jury's finding that she was in fact guilty of conspiracy.  Defendant's argument is overruled.

Defendant's final contention is that she was never arraigned on the two-count indictment, insisting "she never voluntarily waived her presence at the arraignment."  **Defendant's Motion, at 3-4.**  A review of the docket record shows that on February 18, 2009, Defendant and her then court-appointed counsel were noticed that arraignment was scheduled before

the Magistrate Judge for February 23, 2009, at 10:40 a.m.[3]  **See Notice of Hearing, filed February 18, 2009.**  On February 18, Defendant and counsel signed the wavier of arraignment form, wherein Defendant waived formal appearance at the arraignment, entered not guilty pleas to the charges contained in the indictment, and requested a jury trial.  **See Waiver of Personal Appearance, filed February 18, 2009.**  On this form, Defendant acknowledges (1) receiving a copy of the indictment; (2) that she reviewed the indictment and understands the general nature of the charges against her; (3) that her counsel advised her of the maximum penalties for the offenses with which she was charged; and (4) that Defendant understood her right to be present at arraignment on the indictment.  *Id*. The record shows that Defendant, although well aware of her right to be present at the arraignment hearing, waived her formal appearance at the arraignment before the Magistrate Judge as evidenced by her signature on the Waiver form.  Defendant has offered no evidence to support any contention that her signature on the Waiver was not given

---

[3] Defendant qualified for appointed counsel and an assistant federal defender represented her until Defendant retained counsel on March 3, 2009.  **See Notice of Attorney Appearance by Jack W. Stewart, Jr., filed March 3, 2009.**

freely and voluntarily with advice of counsel. Accordingly, this argument is overruled.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to supplement her argument after receipt of the trial transcript is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for judgment of acquittal is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's alternative motion for a new trial is **DENIED** in its entirety.

Signed: August 7, 2009

Lacy H. Thornburg
United States District Judge