THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00013-MR-9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| YVONNE MARIE FOUNTAIN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion requesting the production of the docket sheet and a copy of her grand jury transcript at the Government's expense. [Doc. 861].

The Defendant was found guilty by a jury of one count of conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 297]. She was sentenced in August 2009 to a term of 240 months' imprisonment. [Doc. 349]. The Fourth Circuit Court of Appeals affirmed her conviction and sentence in March 2011. [Doc. 589]. The Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 638]. The Court initially denied the Defendant's motion to vacate [Doc. 789], but the Court subsequently vacated that order upon remand from the

Fourth Circuit. [Doc. 789]. At the Government's request, the Court held an evidentiary hearing on the Defendant's motion to vacate. In October 2016, the Court entered an Order denying the Defendant's motion to vacate. [Doc. 837]. The Fourth Circuit denied a certificate of appealability and dismissed the Defendant's appeal on May 31, 2017. [Doc. 860].

There are no post-conviction matters pending before the Court. As such, the Court finds that the Defendant has failed to demonstrate a particularized need for the requested transcript. See United States v. MacCollom, 426 U.S. 317, 326-27 (1976) (holding that federal inmates are not entitled to transcripts at Government expense absent some showing of a particularized need); Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972) ("[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.") (citation omitted). Having failed to demonstrate a particularized need for the requested transcript, the Defendant's motion must be denied. The Court will, however, direct the Clerk to provide the Defendant with a copy of the docket sheet.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 861], which the Court construes as a motion for the production of the docket sheet

and the grand jury transcript at the Government's expense, is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's request for a copy of the grand jury transcript at the Government's expense is **DENIED**. The Defendant's request for a copy of the docket sheet is **GRANTED**. The Clerk of Court shall provide a copy of the Defendant's docket sheet along with this Order.

    **IT IS SO ORDERED.**

Signed: June 6, 2017

Martin Reidinger
United States District Judge