# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09-cr-00013-MR-WCM-9

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>YVONNE MARIE FOUNTAIN, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 [Doc. 935]. The Government, through counsel, consents to the requested relief.

In July 2009, the Defendant was found guilty by a jury of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846. The jury found that the Defendant's offense involved at least 50 grams of cocaine base but less than 150 grams, a finding that triggered the enhanced penalties of § 841(b)(1)(A). Based on that finding, and the Government's filing of an § 851 notice of prior conviction, the Defendant faced a statutory minimum sentence of 240 months. At sentencing in August 2009, the Court imposed the required 240-month

sentence and a ten-year term of supervised release. [See Doc. 349: Judgment at 2-3].

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010

2

(Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because she was convicted of a "covered offense" under Section 404(a)'s definition. Her offense was committed before August 3, 2010; she was subjected to a 20-year statutory minimum under Section 841(b)(1)(A); and that statutory penalty was "modified by Section 2 . . . of the Fair Sentencing Act." Because the Defendant is eligible for relief, this Court has the discretion under Section 404(b) to "impose a reduced sentence" in accordance with Section 841(b)(1)(C)'s statutory penalties, which provide for a ten-year mandatory minimum of imprisonment and a maximum term of life, along with an eight-year minimum term of supervised release.

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the Guidelines range as though Sections 2 and 3 of the Fair Sentencing Act were in effect at the time that the Defendant committed the offense, reduces the Defendant's Guidelines term of 240 months (the statutory mandatory minimum) to a range with a low end of 120 months.[1] See U.S.S.G. § 5A.

---

[1] Based on a total offense level (TOL) of 30 and a criminal history category (CHC) of I, the Defendant's Guidelines range of imprisonment (absent application of the mandatory minimum) was originally calculated to be 97 to 121 months. [See PSR at ¶ 51].

3

This Court previously sentenced the Defendant to the statutory mandatory minimum of 240 months. A proportionate reduction under the First Step Act would yield a sentence of 120 months, the revised statutory mandatory minimum.

The Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Finally, the Court notes that the Supplemental Presentence Report indicates that the Defendant has received no disciplinary actions while in custody. [See Doc. 936: Supp. PSR at 2]. Additionally, the Defendant has successfully completed numerous educational programs and work assignments. With good time earned, she currently has a total of 138 months of BOP credited time. [Id.]. Thus, the Defendant has served more than the ten-year mandatory minimum required by the Fair Sentencing Act.

---

Subsequent Guidelines reductions, such as Amendment 782, would have reduced the Defendant's TOL to 26, which (absent application of the mandatory minimum) would have resulted in a Guidelines range of 63 to 78 months. [See Doc. 936 at 2]. It remains an open question as to whether a defendant is entitled to the benefit of retroactive amendments to § 2D1.1. That, however, is immaterial to the present analysis. Because the revised statutory minimum sentence of imprisonment is greater than either range that is based on the TOL and CHC, the Guidelines term of imprisonment becomes the statutory mandatory minimum of 120 months (or a range of 120 to 121 months if no § 2D1.1 amendments apply). See U.S.S.G. § 5G1.1(b).

For all these reasons, the Court concludes that the Defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute").

Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court, in its discretion, reduces the Defendant's sentence to a period of time served plus ten (10) days. The Defendant's term of supervised release shall be reduced to a period of eight (8) years.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 filed by counsel [Doc. 935] is **GRANTED**, and the Defendant's sentence is hereby reduced to Time Served plus ten (10) days and the term of supervised release is hereby reduced to eight (8) years. All other terms and conditions of the Defendant's Judgment [Doc. 349] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United

States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: February 14, 2019

Martin Reidinger
United States District Judge